NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

LOCAL ONE–L, AMALGAMATED LI-
THOGRAPHERS OF AMERICA,
Respondent.

No. 08–5163–ag.

United States Court of Appeals,
Second Circuit.

Sept. 1, 2009.

Milakshmi V. Rajapakse (Fred B. Jacob, Ronald Meisburg, John E. Higgins, Jr., John H. Ferguson, Linda Dreeben, on the brief), National Labor Relations Board, Washington, DC., for Petitioner.

Thomas Murray, (Thomas Kennedy, on the brief), Kennedy, Jennik & Murray, P.C., New York, NY., for Respondent.

Present: ROSEMARY S. POOLER, DEBRA ANN LIVINGSTON, Circuit Judges, and GERARD E. LYNCH, District Judge.*

## SUMMARY ORDER

Petitioner, the National Labor Relations Board ("Board") petitions for enforcement of a Board order issued against respondent Local One–L, Amalgamated Lithographers of America ("Local One–L" or the "Union") on July 31, 2008 and reported at 352 N.L.R.B. No. 114, 2008 WL 3020908 (July 31, 2008).

In its decision, the Board found that Local One–L violated Section 8(b)(3) of the National Labor Relations Act (the "Act"), 29 U.S.C. § 158(b)(3), by refusing to provide the Metropolitan Lithographers Association, Inc. (the "Association") with certain requested information, relevant to the administration of the parties' collective-bargaining agreement ("CBA").[1] We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We will enforce a Board order "where [the Board's] legal conclusions are reasonably based, and its factual findings are supported by substantial evidence on the record as a whole." *NLRB v. Katz's Delicatessen of Houston St., Inc.*, 80 F.3d 755, 763 (2d Cir.1996).

We conclude that the Board did not err in finding that Local One–L was obligated to produce information in addition to the memorandum of agreement ("MOA") between the Union and Barton Printing, Inc. Parties to a CBA have an ongoing obligation to provide one another with information requested in order properly to administer and police a CBA. *See Prudential Ins. Co. v. NLRB*, 412 F.2d 77, 84 (2d Cir.1969) (recognizing that bargaining obligation "extends to ... the administration of [CBAs] already adopted"). Since the right to receive requested information is statutory, any waiver must be "clear and unmistakable," *Metro. Edison Co. v. NLRB*, 460 U.S. 693, 708, 103 S.Ct. 1467, 75 L.Ed.2d 387 (1983), and ordinarily cannot be inferred from silence, *Fafnir Bearing Co. v. NLRB*, 362 F.2d 716, 722 (2d Cir.1966). As the CBA, including subsection (c) of the Better Contracts clause, contains no language making clear that information shared would be limited to the MOA, the Board did not err in concluding that the Association did not waive its right to receive the information to which it would be entitled under the Act.

We also reject the Union's argument that the Association failed to demonstrate the relevance of the information it sought. Our review of the record reveals that the Association provided objective evidence demonstrating a reasonable suspicion of a single-employer or alter-ego relationship between Barton Printing and an

---

* The Honorable Gerard E. Lynch, of the United States District Court for the Southern District of New York, sitting by designation.

1. The Board's decision was issued by its two then-active members acting as a quorum of a three-member group to which the Board had previously designated all of its powers as permitted by the Act. *See Snell Island SNF LLC v. NLRB*, 568 F.3d 410 (2d Cir.2009).

established union signatory, Barton Press, Inc. Indeed, the MOA itself suggested a relationship between Barton Printing and Barton Press, by virtue of the similarity in the names and insofar as it stated that Barton Printing "shares or will share in the near future a common owner with Barton Press." In addition, the Association's internet research indicated that Barton Printing was related to Barton Press, both of which were subsidiaries of Earth Color. Further, the Association provided testimony that it received information from a former Barton Printing employee, corroborated in part by the MOA, indicating that the two companies operated from the same building, separated only by a glass wall, with a common and interchanged workforce, a common sales force, and common management. This evidence was sufficient to establish, under the applicable liberal, discovery-type standard, a probability that the information requested would be relevant to its oversight of the administration of the CBA. *See NLRB v. Acme Indus. Co.*, 385 U.S. 432, 437 & n. 6, 87 S.Ct. 565, 17 L.Ed.2d 495 (1967).

For the reasons already stated, i.e., because the Association did not waive its right to receive information in addition to the MOA and demonstrated that the information it sought was relevant, we reject the Union's argument that it has already met its obligations under the Act.

■ Finally, in view of the Board's "longstanding policy of nondeferral to arbitration in information request cases," *Shaw's Supermarkets, Inc.*, 339 N.L.R.B. 871, 871 (2003) (citing *General Dynamics Corp.*, 270 N.L.R.B. 829 (1984)), and its authority to make that determination under Section 10(a) of the Act, 29 U.S.C. § 160(a), *see Acme Indus.*, 385 U.S. at

437–38, 87 S.Ct. 565, we conclude that the Board did not err in refusing to defer this dispute to arbitration, *see Amalgamated Ass'n of St., Elec. Ry. and Motor Coach Employees of Am. v. Lockridge*, 403 U.S. 274, 310, 91 S.Ct. 1909, 29 L.Ed.2d 473 (1971) (White, J., dissenting) ("It is well established that the Board has jurisdiction over unfair labor practices even though they might also be arguable violations of the collective-bargaining agreement and subject to arbitration under the terms of the contract."); *NLRB. v. Acme Industrial Co.*, 385 U.S. 432, 87 S.Ct. 565, 17 L.Ed.2d 495 (1967).

Accordingly, the petition for enforcement is **GRANTED.**